IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2003

**STATE OF TENNESSEE v. THERESA C. RUNION**

**Direct Appeal from the Circuit Court for Blount County**
**No. C-12652     D. Kelly Thomas, Jr., Judge**

**No. E2002-02759-CCA-R3-CD**
**November 7, 2003**

The appellant pled guilty to simple burglary.  At sentencing, the trial court imposed a two-year sentence with sixty days to be served in the county jail followed by probation.  In this appeal, the appellant argues the trial court erred: (1) in denying judicial diversion; and (2) in denying full probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Raymond Mack Garner, District Public Defender; and Shawn G. Graham, Assistant District Public Defender, for the appellant, Theresa C. Runion.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        In January 2000, the appellant, as the driver of the vehicle, assisted her co-defendant boyfriend in burglarizing a pharmacy.  The appellant pled guilty to burglary, a Class D felony, as a Range I standard offender and submitted herself to sentencing by the trial court.  Following a sentencing hearing, the trial court imposed the minimum sentence of two years, denied the appellant's request for judicial diversion, and ordered her incarcerated for a period of sixty days followed by supervised probation.  The appellant now appeals the sentence imposed by the trial court.

**PROOF AT SENTENCING**

        The appellant testified that she was a thirty-two-year-old unemployed single mother with no prior criminal convictions.  She attributed her role in the burglary to "temporary insanity."  She indicated she "allowed [herself] to get involved in it" due to her family history of abuse, an abusive

relationship with her drug-addicted co-defendant, and her failure to "realize the magnitude of [her co-defendant's] problems." She stated that a prior worthless check charge against her was dismissed after she repaid the victim. According to the presentence report and the appellant's testimony, the appellant began smoking marijuana when she was nineteen, and she used it approximately once per month until January 2001. She also admitted using cocaine five years prior to sentencing.

The appellant said she needed three or four credits to receive an associate's degree and received training to be an emergency medical technician. She testified she had not worked for two years due to physical ailments and had a pending appeal for denial of disability payments. She stated she was also diagnosed as having major depression and anxiety disorders and was required to take between fifteen and twenty prescribed medications daily for a variety of ailments.

## STANDARD OF REVIEW

An appellate court's review of a challenged sentence is de novo on the record with a presumption the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2003). The Sentencing Commission Comments to this section of the statute indicate the appellant bears the burden of establishing the sentence is improper. When the trial court follows the statutory sentencing procedure and gives due consideration and proper weight to the factors and principles relevant to sentencing, this court may not disturb the sentence. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

## I. DENIAL OF JUDICIAL DIVERSION

The appellant contends the trial court erred in denying judicial diversion. We disagree.

Judicial diversion is a "legislative largess" where a defendant, upon being found guilty or pleading guilty, may complete a diversion program and receive expungement of records and dismissal of the charges. See Tenn. Code Ann. § 40-35-313(a)(1)(A) (2003); State v. Schindler, 986 S.W.2d 209, 211 (Tenn. 1999). Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion rests with the trial court, not the prosecutor. State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). When a defendant contends that the trial court committed error in denying judicial diversion, this court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997); State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993). When a defendant challenges the trial court's denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. Cutshaw, 967 S.W.2d at 344; State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

The criteria that must be considered in determining whether an eligible accused should be granted judicial diversion include: (a) the appellant's amenability to correction; (b) the circumstances of the offense; (c) the appellant's criminal record; (d) the appellant's social history; (e) the appellant's physical and mental health; and (f) the deterrence value to the appellant and others. Cutshaw, 967 S.W.2d at 343-44; Parker, 932 S.W.2d at 958. An additional consideration is whether judicial

diversion will serve the best interests of the public as well as the appellant. <u>Cutshaw</u>, 967 S.W.2d at 344; <u>Parker</u>, 932 S.W.2d at 958.

The trial court found a period of incarceration was warranted, thus implicitly rejecting judicial diversion, because the appellant failed to accept responsibility for the offense and to realize its serious nature. The record supports this finding. The trial court was in a better position than this court to observe the appellant's demeanor and attitude. We will not second-guess its finding that the appellant had "an excuse for anything and everything." Moreover, while the appellant has no prior convictions, her own testimony established she had a history of illegal drug use which included use after the instant offense. For these reasons, there was substantial evidence to support the trial court's denial of judicial diversion.

## II. DENIAL OF FULL PROBATION

The appellant contends the trial court erred in denying her full probation. A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a) (2003).

An especially mitigated or standard offender convicted of a Class D felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (2003). However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b); <u>State v. Boggs</u>, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; <u>State v. Hartley</u>, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. <u>State v. Baker</u>, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). In determining suitability for total probation, the trial court may properly consider credibility, remorse, and candor as they reflect upon potential for rehabilitation. <u>See</u> Tenn. Code Ann. § 40-35-103(5) (2003); <u>State v. Bunch</u>, 646 S.W.2d 158, 160 (Tenn. 1983); <u>State v. Nunley</u>, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

We conclude the trial court did not err in requiring the appellant to serve sixty days in confinement. As previously stated, the appellant had a significant history of illegal drug use. See Tenn. Code Ann. § 40-35-103(1)(A). Further, her failure to accept responsibility by having "an excuse for anything and everything," as found by the trial court, reflects poorly upon her potential for rehabilitation. See State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). Thus, we conclude the trial court had ample bases to deny full probation.

## CONCLUSION

The trial court did not err in denying the appellant's request for judicial diversion nor in imposing a sentence of split confinement. Therefore, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE